NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL MASTERSON; BIJOU MASTERSON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BANK OF NEW YORK MELLON CORP., formerly known as THE BANK OF NEW YORK AS TRUSTEE FOR CWALT, INC., ALTERNATIVE LOAN TRUST 2007-19, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-19; et al., <br><br> Defendants-Appellees. | No. 16-55277 <br><br> D.C. No. 2:14-cv-08741-DDP-AJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted May 8, 2017[**]

Before:     REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Daniel Masterson and Bijou Masterson appeal pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing their action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We have an independent duty to determine whether the district court had subject matter jurisdiction. *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

Dismissal of the Mastersons' action was proper because the district court lacked subject matter jurisdiction, as the Mastersons failed to allege an injury in fact to establish Article III standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180-81 (2000) (the alleged injury must be "actual or imminent, not conjectural or hypothetical" to establish Article III standing); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (elements of Article III standing). Because a dismissal for lack of subject matter jurisdiction should be without prejudice, *see Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004), we vacate the judgment in part and remand for the district court to dismiss the Mastersons' action without prejudice.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

16-55277